UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------X
KYLE CARTER,

          Plaintiff,

   -against-

COUNTY OF ERIE and
DAWAND DOWELL,

          Defendants.
---------------------------------X

**COMPLAINT**

<u>Plaintiff Demands a
Trial by Jury</u>

      Plaintiff, by his attorneys Sivin, Miller & Roche LLP, complaining of Defendants, alleges as follows, upon information and belief:

## THE PARTIES AND JURISDICTION

1. At all times herein mentioned, Plaintiff was and is a citizen of the State of New York, residing in the County of Erie, State of New York.

2. At all times herein mentioned, Defendant County of Erie (hereinafter "the County"), was and is a governmental subdivision created under the laws of the State of New York.

3. At all times herein mentioned, the County was and is charged by the laws of the State of New York with operating and maintaining the Erie County Holding Center (hereinafter "ECHC"), a detention facility, in Buffalo, NY.

4. At all times herein mentioned, Defendant Dawand Dowell (hereinafter "Dowell") was employed by the County as a Deputy with and at ECHC.

5. At all times herein mentioned, Dowell was acting with the course and scope of his employment with the County and ECHC.

6. At all times herein mentioned, Dowell was acting under color of state law.

7. At all times herein mentioned, Defendants were under an obligation to exercise reasonable care in the operation, maintenance, supervision, and control of ECHC, such that those detained at and in the custody of ECHC would not be caused to sustain personal injuries.

8. At all times herein mentioned, Defendants were under an obligation to exercise reasonable care in the custody, control, screening, supervision, and placement of those detained at and in the custody of ECHC, such that those detainees would not be caused to sustain personal injuries.

9. At all times herein mentioned, Defendants were under an obligation to exercise reasonable care to minimize the risk of serious harm to detainees at ECHC.

10. At all times herein mentioned, Defendants were under an obligation to exercise reasonable care in connection with the medical needs of detainees at ECHC.

11. Prior to the institution of this action and within ninety (90) days from the dates when the causes of action accrued herein, a notice of claim and intention to sue was duly served upon and filed with the County on behalf of Plaintiff; this action was not commenced until the expiration of thirty (30) days after such notice of claim and intention to sue was presented and Defendants have neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the causes of action accrued herein.

12. This Court has jurisdiction over this action in that the action arises under 42 USC § 1983 and alleges violations of Plaintiff's civil rights, including rights guaranteed under the Eighth Amendment and Fourteenth Amendment to the United States Constitution.

13. Venue is proper in the Western District of New York, which is where the events underlying this lawsuit occurred.

## THE FACTS

14. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

15. Beginning on or about July 4, 2023, Plaintiff was a detainee at ECHC, and came under the care, custody, and control of Defendants herein.

16. Prior to entering ECHC, Plaintiff had a long history of mental illness and of suicide attempts.

17. When Plaintiff entered ECHC, Defendants knew that Plaintiff had a long history of mental illness and of suicide attempts, and were on notice that Plaintiff was at risk of self-harm were he not properly placed, supervised, and monitored.

18. On August 25, 2023, Plaintiff was housed in the Charlie Long housing unit (hereinafter "the housing unit") of ECHC.

19. On August 25, 2023, during the early afternoon hours, Dowell was the deputy in charge of supervising the housing unit and those detained thereat, and was present inside the housing unit.

20. On August 25, 2023, shortly before 1:00 p.m., while inside his cell in the housing unit, Plaintiff set into motion a serious of events in an attempt to commit suicide.

21. Plaintiff tied a bedsheet around his neck, tied another portion of the bedsheet to his cell gate, and tied another portion of his bedsheet to another portion of the cell so as to keep the cell shut.

22. Plaintiff then hung himself from the front gate of his cell.

3

23. Plaintiff's actions were open and notorious, such that Dowell, in the exercise of ordinary care, necessarily would have and should have noticed Plaintiff's actions.

24. At around the same time that Plaintiff engaged in the aforementioned actions, Dowell was scheduled to do his regular rounds in the housing unit.

25. The purpose of the rounds was, among other things, to ensure those detainees in the housing unit were safe and secure.

26. At around the same time that Plaintiff engaged in the aforementioned actions, Dowell did in fact conduct his rounds in the housing unit.

27. Upon information and belief, while he was conducting his rounds, Dowell observed the aforementioned actions by Plaintiff, but intentionally and deliberately failed to take any steps in response thereto.

28. Dowell's inaction in that regard demonstrated a deliberate indifference to Plaintiff's medical needs, and to the risk of serious harm to Plaintiff.

29. Dowell's inaction in that regard was sadistic and malicious, and was not in furtherance of any legitimate penological interest, and was not in furtherance of a good faith attempt to keep or maintain order.

30. Alternatively to the allegations set forth in paragraphs 26-29, *supra*, Plaintiff alleges that at around the same time that Plaintiff engaged in the aforementioned actions, Dowell failed to conduct his scheduled rounds, failed to be in a position where he could properly monitor events on the housing unit, and failed to notice Plaintiff's actions.

31. Dowell's failure in that regard constituted a breach of his duty to exercise reasonable care in the operation, control, custody, care, and supervision of the housing unit, and those detained therein.

32. At some point after Plaintiff hung himself, other individuals detained in the housing unit notified Dowell of the situation involving Plaintiff.

33. Instead of immediately coming to Plaintiff's aid or assistance, Dowell radioed for assistance from other ECHC employees.

34. While waiting for other employees to respond, Dowell still failed to come to Plaintiff's aid or assistance, and instead observed Plaintiff hanging inside his cell.

35. As a result of Dowell's inaction, Plaintiff remained hanging in his cell for several minutes before others arrived on the scene and took steps to remove the bed sheet from Plaintiff's neck and stop Plaintiff from hanging.

36. As a result of the hanging, and the delay in rendering aid or assistance to Plaintiff, Plaintiff went into severe cardiac arrest, respiratory failure, and encephalopathy, and sustained other severe and permanent physical, emotional, and psychological injuries, endured and will continue to endure pain and suffering and loss of enjoyment of life, and incurred and will continue to incur medical and other expenses, and other economic loss.

37. The aforementioned incident and resulting injuries to Plaintiff were due to the actions of Dowell in intentionally and deliberately failing to take any steps in response to an obvious and imminent threat to Plaintiff's safety, and in intentionally and deliberately failing to take prompt action to come to Plaintiff's aid or assistance and provide medical assistance to Plaintiff.

38.  The aforementioned incident and resulting injuries to Plaintiff also were due to the negligence and recklessness of Dowell, in the operation, control, custody, care, and supervision of the housing unit, and those detained therein, including Plaintiff.

39. The aforementioned incident and resulting injuries to Plaintiff also were due to the negligence and recklessness of the County, and its other agents, servants and/or employees, in the operation, management, maintenance, supervision, and control of ECHC and those detained therein; in failing to take reasonable steps to prevent the risk of foreseeable harm to Plaintiff; in failing properly to supervise Plaintiff, despite having knowledge that Plaintiff was at risk for self-harm; in failing properly to screen Plaintiff and to place him in an appropriate housing unit and under appropriate monitoring and supervision.

## FIRST CAUSE OF ACTION AGAINST DOWELL
### (42 USC § 1983)

40. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

41. The aforementioned acts by Dowell demonstrated a deliberate indifference to a risk of serious harm to Plaintiff and a deliberate indifference to Plaintiff's medical condition, all of which was in violation of Plaintiff's rights under the Eighth Amendment to the U.S. Constitution not to be subject to cruel and unusual punishment, and Plaintiff's rights under the Fourteenth Amendment to the U.S. Constitution not to be deprived of substantive due process.

42. As a result thereof, plaintiff is entitled to recover damages from Dowell pursuant to 42 USC § 1983.

## SECOND CAUSE OF ACTION AGAINST THE COUNTY AND DOWELL
### (Negligence/Recklessness Under NY State Law)

43. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

44. The aforementioned acts by Dowell and other unnamed agents, servants, and employees of the County constituted negligence and recklessness, for which Dowell and those other employees are liable under New York State law, and for which the County is vicariously liable under the doctrine of respondeat superior.

45. All of the aforementioned causes of action fall within one or more exceptions contained in Article 16 of New York's Civil Practice Law & Rules with respect to joint and several liability.

WHEREFORE, Plaintiff seeks judgment on the aforementioned causes of action against the County and Dowell for compensatory damages in an amount to be determined by the trier of fact, and Plaintiff also seeks judgment for punitive damages and attorney's fees pursuant to 42 USC § 1988 against Dowell, and Plaintiff seeks interest, costs, and disbursements of this action.

Dated: New York, New York
      October 17, 2024

                                      Yours, etc.
                                      Sivin, Miller & Roche LLP

                                      By s/ Edward Sivin
                                      Edward Sivin
                                      Attorneys for plaintiff
                                      20 Vesey St., Suite 1400
                                      New York, NY  10007
                                      (212) 349-0300